**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3274-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHABBA Z. GREEN,
a/k/a SHABBA K. GREEN,
and ZIARE GREEN,

     Defendant-Appellant.

_____

Submitted May 28, 2020 – Decided June 15, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-03-0980.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shabba Z. Green appeals from a January 14, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2015, defendant was arrested for robbing a juvenile at knife point in East Orange. A grand jury indicted defendant for first-degree robbery, N.J.S.A. 2C:15-1, possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), and possession of a weapon under circumstances not manifestly appropriate, N.J.S.A. 2C:39-5(d).

In 2016, defendant pled guilty to first-degree robbery, and pursuant to a plea agreement, was sentenced as a second-degree offender. He received a six-year prison sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and five years of parole supervision. In his PCR petition, defendant argued his plea counsel did not advise him he was subject to five years of parole supervision, and instead he should have received three years of parole supervision consistent with a second-degree robbery conviction. The PCR judge rejected defendant's argument, and referencing defendant's plea form, noted the following:

> Defendant was asked . . . "Do you understand that because you pled to these charges the Court must

impose a five year term of parole supervision, and that term will begin as soon as you complete the sentence of incarceration?" Below it says, "First degree term for parole supervision, five years. Second degree parole supervision, three years." This defendant circled yes.

The judge concluded defendant did not demonstrate a prima facie case of ineffective assistance of counsel because his "counsel could not have effectively argued for three years, because by law statutorily . . . he pled guilty to a first degree robbery he must have received and did receive the five years term of parole supervision."

Defendant raises the following point on this appeal:

> THE PCR COURT SHOULD HAVE GRANTED THE DEFENDANT AN EVIDENTIARY HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF BASED UPON HAVING MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL GAVE INCORRECT ADVICE THAT HE WOULD RECEIVE THREE YEARS OF PAROLE SUPERVISION RATHER THAN FIVE YEARS WHEN PLEADING TO A FIRST-DEGREE CRIME.

To succeed on a claim of ineffective assistance of counsel, a defendant must meet the two-part test Strickland v. Washington, 466 U.S. 668, 687 (1984) established, which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). Under Strickland, a defendant first must show his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed

3

the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Counsel's performance is deficient if it falls "below an objective standard of reasonableness." Id. at 688.

A defendant also must show counsel's "deficient performance prejudiced the defense." Id. at 687. He or she must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Ibid.

We review a PCR court's decision to proceed without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). A defendant is entitled to an evidentiary hearing if he or she presents a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

Having considered the PCR judge's findings and having reviewed the transcript of defendant's testimony at his plea hearing, we are convinced

defendant has not established a prima facie case of ineffective assistance of counsel. Before we address the plea proceedings, we note—as the PCR judge did—that where a defendant pleads guilty to a first-degree NERA offense, but receives a second-degree sentence, the parole supervision period remains five years. N.J.S.A. 2C:43-7.2(c). Therefore, defendant could not receive a shorter period of parole supervision.

Moreover, the transcript of the plea proceedings resolves any doubt that defendant's attorney misled him, as noted in the following colloquy:

> THE COURT: Do you understand that because you are pleading guilty to a first degree robbery charge that there is a period of parole ineligibility of [eighty-five percent] of the sentence that applies to that charge?
>
> THE DEFENDANT: Yes.
>
> . . . .
>
> THE COURT: Do you understand also that once you are released from custody that you will be subject to a period of parole supervision for five years following your release?
>
> THE DEFENDANT: Yes.

Defendant also testified he was satisfied with his counsel's advice and did not need more time to speak with him.

Defendant was not entitled to an evidentiary hearing because he did not demonstrate a prima facie case of ineffective assistance of counsel. The record before us does not demonstrate that plea counsel committed any errors, let alone ones which prejudiced the outcome in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3274-18T1